LANI K. WALLACE
LANI K. WALLACE, ATTORNEY AT LAW
laniwallace@outlook.com
State Bar Number #9899
1004 24th Street
Ogden, UT 84401
Telephone: (801) 621-3662
Facsimile: (801) 392-2543
Attorney for Plaintiffs Malawna Mecham and Donald Mecham

| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO ||
|---|---|
| **MALAWNA MECHAM and DONALD MECHAM**<br><br>Plaintiffs,<br><br>vs.<br><br>**KERRY JEPSEN, M.D. and BEAR LAKE MEMORIAL HOSPITAL**<br><br>Defendants. | Case No.: 4:17-cv-117<br><br>**COMPLAINT**<br>**(Demand for Jury Trial)** |

### Jurisdiction

Plaintiffs allege as follows:

1. Plaintiffs are husband and wife.

2. Plaintiffs are residents of the State of Utah.

3. All Defendants are residents of the State of Idaho.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

5. The amount in controversy exceeds $75,000.

## Defendants

6. Defendant Jepsen is an orthopedic surgeon practicing surgery and wound care and treatment at the Defendant Bear River Memorial Hospital, Montpelier, Idaho and through the Bear Lake Memorial Hospital Orthopedic Clinic located in the Bear Lake Memorial Hospital.

7. Dr. Jepsen employs nurses or other medical personnel at the Bear Lake Memorial Hospital Orthopedic Clinic to provide wound care and treatment to clinic patients and is vicariously liable for the acts or omissions of his clinic employees or agents.

8. Defendant Bear River Memorial Hospital employs nurses or other medical personnel to provide wound care and treatment to patients at its hospital facility and is vicariously liable for the acts or omissions of its employees or agents.

9. Both Defendant Jepsen, his clinic employees or agents and employees of Defendant hospital, on occasion, provide wound care and treatment to patients using a wound V.A.C. treatment system.

10. When providing wound treatment to patients utilizing the wound V.A.C. system, Granufoam sponges are regularly placed into and removed from a wound to aid healing.

11. During treatment and at the conclusion of treatment using the wound V.A.C. system, all sponges must be removed from the wound or incision to prevent or reduce the risk of wound infection.

12. Defendants provided wound V.A.C. care and treatment to Plaintiff Malawna Mecham from May 18, 2016 through July 19, 2016.

## Standards of Care

13.   It is the local community standard of care at hospitals, clinics, and medical offices in Idaho, utilizing the wound V.A.C. wound treatment system, to record in the patient's treatment record, and on the wound V.A.C. patient dressing drape, the number of sponges placed into and removed from a patient's wound to assure timely removal of all sponge material from a patient's wound to prevent or reduce the risk of wound infection.

14.   It is the local community standard of care at hospitals, clinics, and medical offices in Idaho, utilizing the wound V.A.C. wound treatment system, at each regularly scheduled treatment session and at the conclusion of the wound V.A.C. treatment, to make sure all wound V.A.C. sponge material has been removed from a patient's wound.

## Negligence/Breach of the Standards of Care

15.   On May 18, 2016 Defendant Jepsen applied the wound V.A.C. to a large incisional cavity he had created on Plaintiff Malawna Mecham's' right buttocks.

16.   The wound V.A.C. wound treatment system was utilized on Plaintiff Malawna Mecham from May 18, 2016 through July 19, 2016.

17.   Plaintiff Malawna Mecham, during her course of wound V.A.C. treatment, underwent weekly Granufoam sponge placements and removals by Defendants..

18.   During the course of her wound V.A.C. treatment, defendant Jepsen and/or his clinic employees and/or employees of Defendant hospital negligently and carelessly, and below standards of care, failed to document and record in Plaintiff Malawna Mecham's medical chart and/or on her wound V.A.C. wound dressing drape, the number of sponges placed into and removed from Plaintiff's right buttocks incision.

19. As a result, Defendant Jepsen, his clinic employees and/or employees of Defendant hospital negligently, carelessly, and below the local standard of care, failed to keep track of the accurate number of sponges placed into or removed from Plaintiff Malawna Mecham and/or failed to identify and remove all sponge material from Plaintiff Malawna Mecham.

20. On July 19, 2016 when Defendant Malawna Mecham's wound V.A.C. treatment was discontinued by Defendant Jepsen, Defendant Jepsen, himself, negligently, carelessly, and below standards of care, failed to find, identify, and remove all Granufoam sponge material from Plaintiff Malawna Mecham's right buttocks wound.

21. That the placement and removal of the wound V.A.C. Granufoam sponges into Plaintiff Malawna Mecham's right buttocks wound was under the exclusive control and management of the Defendants.

22. That common knowledge and experience justify the inference that sponges are not left in a wound or incision and Plaintiffs are entitled to invoke the legal doctrine of res ipsa loquitur, which Plaintiffs hereby invoke.

## Damages

23. As a result of Defendants' negligence and/or breaches of the standards of care, Plaintiff Malawna Mecham suffered, and continues to suffer, physical and emotional pain; developed a wound infection; underwent two (2) additional surgeries and three (3) additional hospitalizations; developed a Deep Vein Thrombosis (DVT) in her left leg for which she continues to receive care and medication; has been and remains physically incapacitated; has been delayed in obtaining needed knee replacement surgeries; and has sustained and will

continue to incur past, present and future medical and medication expense and a wage loss in an amount to her damage to be proved at trial.

24.     As a result of Defendants' negligence and/or breaches of the standards of care Plaintiff Donald Mecham has sustained a loss of consortium with and to his wife to his damage in amounts to be proved at trial.

**WHEREFORE**, Plaintiffs request judgment against Defendants for amounts proved at trial; for pre-judgment interest on special damages as allowed by law; for attorney fees, costs and interest on the judgment and for such other and further relief as may be just and proper.

**DATED** this: March 14, 2017

/s/ Lani K. Wallace
**LANI K. WALLACE**